UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Case: 18-CV-2487
ARGENIS LOPEZ

        Plaintiff,    **AMENDED COMPLAINT**

   -against-      PLAINTIFF'S DEMAND
             TRIAL BY JURY

THE CITY OF NEW YORK,
DET. FRANCESCO ALLEVATO,
P.O. "JANE DOE" and
P.O "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last Defendants
being fictitious, the true names
of the Defendants being unknown
to the Plaintiff(s).

       Defendants.
-----------------------------------------------------------X

  Plaintiff ARGENIS LOPEZ, by and through his attorney, Paul Hale, Esq. 26 Court St. Brooklyn, NY 11242, complaining of the Defendants, The City of New York, DET. FRANCESCO ALLEVATO Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiff by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiff's

claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of Richmond in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the actions of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## PARTIES

7. Plaintiff, ARGENIS LOPEZ, resides in the State of New York, and is a resident of the State of New York.

8. At all times relevant to this action, Defendant DET. FRANCESCO ALLEVATO was a police officer with the City of New York Police Department and acting under color of state

law. He is being sued in both his individual and official capacity.

9. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

10. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendant Police Officers.

11. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described above.

## FACTUAL BACKGROUND

12. On September 6, 2017 at approximately 6:30 pm MR. LOPEZ was in front of deli located at 99 Varrett Street in Brooklyn, NY.

13. At the above time and place, MR. LOPEZ was eating a meal he had just purchased at the deli.

14. At the above time and place, DET. FRANCESCO ALLEVATO placed MR. LOPEZ under arrest for possession of and attempt to sell a felony amount of a controlled substance.

15. DET. FRANCESCO ALLEVATO claimed MR. LOPEZ dropped the contraband to the ground and the contraband was subsequently recovered by DET. FRANCESCO ALLEVATO.

16. MR. LOPEZ was never in possession of nor did he drop any contraband. MR. LOPEZ was not involved in any transaction of any contraband.

17. Security video taken from the scene directly contradicts DET. FRANCESCO ALLEVATO allegations.

18. DET. FRANCESCO ALLEVATO placed MR. LOPEZ under arrest and charged him with felony possession and attempt to sell contraband.

19. DET. FRANCESCO ALLEVATO then concocted a story and initiated a malicious criminal prosecution against MR. LOPEZ.

20. MR. LOPEZ spent approximately 5 days on Rikers Island before he was released on bail.

21. MR. LOPEZ was prosecuted for a full 6 months due to DET. FRANCESCO ALLEVATO's false allegations.

22. The District Attorney's office never convened a Grand Jury.

23. All charges were dismissed and sealed on March 30, 2018.

24. At no time did Plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

25. The unlawful arrest of Plaintiff by defendants was intentional, malicious, reckless and in bad faith.

26. As a direct and proximate result of Defendants' actions, Plaintiff was arrested and detained without just or probable cause.

27. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

28. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

29. Defendants City of New York, as a matter of policy and practice, has with deliberate

indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

30. The actions of Defendants, acting under color of State law, deprived Plaintiff of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

31. By these actions, Defendants have deprived Plaintiff of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants

32. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

33. By detaining and imprisoning Plaintiff, without justification, probable cause or reasonable suspicion, and assaulting them, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

34. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully,

knowingly, and with the specific intent to deprive the Plaintiff of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

35. As a direct and proximate cause of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

    A. Arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecutions; and

    C. Deprivations of liberty without due process of law.

36. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

**AS A SECOND CAUSE OF ACTION:**
**42 U.S.C Section 1983–Failure to Intervene in Violation of Fourth Amendment–**
**against all Defendants**

37. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

38. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

39. The Defendant Police Officers were present for the above-described incident and witnessed other Defendants' actions.

40. The Defendant Police Officers' use of force against Plaintiff was unjustified under the circumstances yet the Defendants Police Officers failed to take any action or make any effort to intervene, halt or protect Plaintiff from being subjected to their actions by other Defendants Police Officers.

41. The Defendant Police Officers' violations of Plaintiff's constitutional rights by failing to intervene in other Defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

## AS A THIRD CAUSE OF ACTION:
*Monell* claim[1]

42. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

43. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

   **WHEREFORE**, Plaintiff respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs

---

[1] *Monell v. City of New York Department of Social Services,* 436 U.S. 658

   under 42 U.S.C. Section 1988;

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988; and

4. Such other and further relief as this Court may deem necessary in the interest of justice.


Dated: Brooklyn, NY
   7/14/2016

         By: _____/s/_____
            Paul Hale, Esq.
            26 Court St. Ste. 913
            Brooklyn, NY 11242
            (718) 554-7344